Sneed, J.,
delivered the opinion of the court.
This action is upon an account for merchandise sold by the plaintiffs, Avho are -wholesale merchants in the city of Louisville, Ky., to the defendants, who were retail merchants in the town of Paris, Tenn. 'is sought to charge ~W. L. Carter, Sr., as a member of the firm of Carter & Upton, for goods sold in March and May, 1870, after he had retired from 1 he firm, and had been succeeded by his son, W. L. Tarter, Jr., to whom the father had transferred his interest, and who, with the defendant Upton, continued the business under the same style of Carter & Upton.
W. L. Carter, Sr., and defendant Upton were in business under the firm name of Carter & Upton in October, 1868, when they began their dealings with these plaintiffs. They continued to buy goods of the plaintiffs until December, 1869, when W. L. Carter, Sr., transferred to his son, W. L. Carter, Jr., his interest, and retired from the firm. During the existence of the first firm, the defendant Upton did the buying; and upon the formation of the new firm, he continued to do it; and in March and May, 1870, be bought for the new firm the two bills of goods the price of which is the subject of this action.
The controversy in the trial below was, whether the plaintiffs, who now seek to hold the old firm liable, had notice of the dissolution. The depositions *9 of each of the individual members of the plaintiffs' firm were taken in the cause, and they severally prove that they had no notice, in any form, of such dissolution. On the other hand, the defendant Upton deposes that when he bought the goods he informed the plaintiffs’ Mr. Harwell that Carter, Sr., had retired during the previous December, and that Carter, Jr., had taken his place. It is, moreover, stated by Carter, Jr., in his testimony given on the 9th of October, 1872, that, at the time of the dissolution, his father instructed him to publish the fact in a gazette published in Paris, called “The Intelligencer,” and to send a copy to the plaintiffs, as well as others with whom the old firm had been dealing; and that he did this, and marked the advertisement with a red circle, so as to call the special attention of plaintiffs to it. But a letter is produced in evidence written by Carter, Jr., in September, 1871, after this suit was brought, in which he writes to the plaintiffs that he had thus advertised, and had distributed copies among the correspondents and dealers with the old firm; but he does not remember whether the plaintiffs were thus notified or not. There was judgment by default against Upton, and a verdict and judgment against Carter, Sr., who has appealed in error.
The court charged the jury, that “the fact that notice of the dissolution may have been published in a newspaper, and a copy of the paper sent or delivered to the plaintiffs, will not of itself prove notice. It is a circumstance which the jury may look to, together with all other facts proven, with the view of *10 determining whether the plaintiffs had notice of the dissolution.” This is assigned as error.
It is laid down in the books, that this question, as to what shall amount- to due and sufficient notice of the retirement of a .partner, is one of considerable nicety and difficulty: that such notice need not be express, but may be constructive, and implied from circumstances. As to previous dealers with the firm, and parties who stand indifferent at the time of the dissolution, the rule as to notice rests upon different principles. As to the latter, a newspaper advertisement, without more, is sufficient; but as to the former, it is requisite that actual notice be brought home to them. It may be implied, however, from circumstances; nor is it material in what manner it is given. Colyer on Partnership, sees. 532-4.
Now this case was presented to the jury in a peculiar aspect. These plaintiffs had been dealers with the firm of Carter & Upton previously to the dissolution, and that firm was always represented in its purchases by the active business partner, Upton. The name and style of the firm was unchanged after the dissolution. It was still represented in its purchases by Upton,- who, we are to assume, was the general business partner conducting the correspondence of the firm. The ■ newspaper containing the notice of dissolution was directed and transmitted by young Carter, with whom it is not shown the plaintiffs had ever had any correspondence. The fact of actual notice is flatly denied by every member of the plaintiffs' firm; and we cannot see, under the facts of the case, how *11 the act of transmitting the newspaper can he- regarded as anything more than a circumstance to he considered in connection with the whole body of the .proof, to ascertain whether the notice of the dissolution had actually been brought home to the plaintiffs. It would have been an easy task, and certainly it was the dictate of prudence, to transmit the information in the form of a circular letter, or in some other mode more likely to attract attention than a village newspaper.
In the case of Hutchins v. The Bank of Tennessee, 8 Hum., 422, this court said that the publication of such, a notice even in a journal to which the party to be affected with notice is a regular subscriber, is not like a letter addressed to the party giving the fact; for that the latter is a direct notice, and it is the party’s own fault if he fail to open the letter. That the newspaper advertisement does not constitute actual notice, but is a circumstance as to the fact of actual notice, to be left to the jury for their consideration in forming their verdict.
If this be so as to a journal to which the party is a regular subscriber, we see no reason for a different rule in regard to one sent in an unknown handwriting and for the first and only time.
These plaintiffs had been advised by defendant Upton that Carter, Sr., was the moneyed man of the old firm, and they state that if they had known of the dissolution their credit would have been withdrawn. The new firm saw proper to continue business under the identical style of the old firm, and previous deal *12 ers might well have been deluded into the belief that Carter, Sr., was still a member of the firm.
We hold that the circuit judge did not err in the charge to which exception is taken.
Affirm the judgment.